[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15305
Non-Argument Calendar
_____

Agency No. A094-908-913

JOSEPH IFEANYICHUKWU MICHAEL ENE,
AUGUSTINA CHIAWUOTU ENE,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 7, 2015)

Before MARCUS, JULIE CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioners, Joseph Ifeanyichukwu Michael Ene ("Ene"), and his wife

Augustina Ene, citizens of Nigeria, petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from the Immigration Judge's

("IJ") denial of Ene's application for asylum pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a), withholding of removal under 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c), on account of persecution based on political opinion and religious beliefs.  In his petition, Ene argues that he is not removable, and with regard to his asylum application, that the BIA and the IJ erred in: (1) making an adverse credibility determination; (2) considering the fraud allegations made during his removability hearing; and (3) applying the REAL ID Act in his case, because it only applies to terrorists and he is not a terrorist.  After thorough review, we deny the petition.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision.  Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007).  When the BIA expressly agrees with the IJ's reasoning, we review both decisions to the extent of the agreement.  Ayala v. U.S. Att'y Gen., 605 F.3d 941, 947-48 (11th Cir. 2010).  We review de novo legal issues presented in a petition for review.  Id. at 948.  We review factual determinations, including credibility determinations, under the substantial evidence test.  Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254-55 (11th Cir. 2006).  Under this standard, "we review the record evidence in the light most favorable to the agency's decision and draw

2

all reasonable inferences in favor of that decision." Id. at 1255 (quotation omitted). "[W]e must affirm the [] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1254-55 (quotation omitted). Thus, in order to reverse a finding of fact, we must determine that the record not only supports reversal but compels it. Id. at 1255.

The Attorney General has discretion to grant asylum to any alien determined to be a refugee under the INA. 8 U.S.C. § 1158(b)(1). A refugee is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).

An applicant seeking withholding of removal must show that his "life or freedom would be threatened [on removal to a given country] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). "The [applicant] bears the burden of demonstrating that it is 'more likely than not' [he] will be persecuted or tortured upon being returned to [his] country." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005). To obtain CAT relief, an applicant must demonstrate that "it is more likely than not" that a government official or person acting in an

3

official capacity would torture him or aid or acquiesce in his torture by others.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1303 (11th Cir. 2001).

The applicant bears the burden of establishing eligibility for relief by offering "credible, direct, and specific evidence in the record."  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).  An applicant's testimony may be sufficient, without corroboration, to sustain his burden of proof, but only if the trier of fact finds that the testimony "is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."  8 U.S.C. § 1158(b)(1)(B)(ii).  Conversely, a denial of relief "can be supported solely by an adverse credibility determination, especially if the [applicant] fails to produce corroborating evidence."  Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006).  If the IJ finds an applicant not credible, the IJ must make an explicit adverse credibility finding and offer "specific, cogent reasons for the finding."  Id.

The REAL ID Act applies to "applications for asylum, withholding, or other relief from removal made on or after" May 11, 2005.  REAL ID Act, Pub.L.No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005).  Under the INA, as amended by the REAL ID Act, a credibility determination may be based on the totality of the circumstances, including:  (1) the demeanor, candor, and responsiveness of the applicant; (2) the plausibility of the applicant's account; (3) the consistency between the applicant's written application and the applicant's oral testimony; (4)

the internal consistency of each statement; and (5) the consistency of the applicant's statements with other record evidence, including country reports. 8 U.S.C. § 1158(b)(1)(B)(iii).   Additionally, an adverse credibility determination may be based on inconsistencies, inaccuracies, or falsehoods regardless of whether they go to the heart of the applicant's claim. Id.

For starters, we lack jurisdiction to address Ene's argument that he is not removable, since he failed to exhaust this issue before the BIA.  See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006) (holding that we lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies by raising the claim before the BIA).  As for Ene's claim that the REAL ID Act should not have been applied to his application, it is without merit, because the REAL ID Act applies to all applications for asylum or withholding of removal filed after May 11, 2005.  See REAL ID Act, Pub.L.No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005).

We also reject Ene's arguments that the IJ and BIA erred in concluding that he was incredible and that there was a lack of corroborating evidence.  As the record reveals, substantial evidence supports the adverse credibility determinations.  The BIA properly noted that there were inconsistencies between Ene's testimony regarding the 2004 attack and the medical report he submitted in support of his claim, which indicated that his injuries were the result of a fall when

5

a banister he was leaning on collapsed as opposed to an attack. This inconsistency was material to Ene's claim that he suffered past persecution, and provided a "specific, cogent reason" for the adverse credibility finding. The BIA also noted that Ene's credibility was undermined by his fraudulent actions in obtaining the visa and in attempting to alter his Social Security Card, considerations which the IJ and BIA were permitted to rely on, although they stemmed from the underlying removal proceedings. See 8 U.S.C. § 1158(b)(1)(B)(iii). Additionally, the BIA observed that Ene's testimony was often rambling and difficult to follow, which related to his demeanor and was a proper consideration. Id. As a result, substantial evidence supports the adverse credibility determination and the record does not compel reversal. Moreover, because Ene failed to provide sufficient corroborating evidence, his application could be denied solely on the adverse credibility determination. Chen, 463 F.3d at 1231. Thus, the BIA did not err in affirming the IJ's denial of Ene's application for asylum, withholding of removal, and CAT relief.

**PETITION DENIED.**